Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANDREW STOUT, an individual;

Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC., a foreign corporation;

Defendant.

Case No.: 2:21-cv-01349

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**

**JURY DEMAND**

Plaintiff, Andrew Stout ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendant, National Credit Systems, Inc. ("NCS") complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of NCS's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendant reside and/or do business in the District of Nevada.

4. Under 28 U.S.C. § 1391(b), venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

**PARTIES**

5. Plaintiff is an adult individual residing in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3).

7. NCS is a foreign corporation whose principal purpose is the collection of consumer debts.

8. NCS regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and therefore, NCS is a "debt collector" under 15 U.S.C. § 1692a(6).

9. NCS's principal purpose is to purchase, service, and collect defaulted consumer debts, and therefore, NCS is a "debt collector" under 15 U.S.C. § 1692a(6).

10. NCS's website (https://www.nationalcreditsystems.com/) further demonstrates its status as a "debt collector" under the FDCPA because the website describes NCS as "the best collection solution" and touts that it is a "specialized collection firm helping apartment owners and managers recover money that is rightfully owed to them by former residents who have not fulfilled their lease obligations."

11. NCS's website further demonstrates its status as a "debt collector" under the FDCPA because the website boasts it "collects more money and provides better service."

12. NCS's website lists its membership in multiple debt collection organizations, including the Association of Credit and Collection Professionals (ACA International) and the Georgia Collectors Association.

13. NCS's written communications further demonstrates its status as a "debt collector" under the FDCPA because the communications provide the disclosures required under 15 U.S.C. 1692e(11), also known as the "mini-Miranda" warning, i.e. "This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose."

**FACTUAL ALLEGATIONS**

14. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

15. NCS sought to collect a "debt" against Plaintiff under 15 U.S.C. § 1692a(5) and NRS § 649.010.

16. Within the past year, NCS wrongfully engaged in collection activities against Plaintiff for an alleged financial obligation arising out of a personal lease agreement with Crystal Creek Apartments with an inaccurately stated balance of $4,017.65 (the "Debt").

17. The Debt was incurred as a result of personal leasing services provided by Crystal Creek Apartments ("Creditor"), which were primarily for family, personal, or household purposes, and which meet the definition of a "debt" under 15 U.S.C § 1692a(5).

18. The Debt was purchased, assigned, or transferred to NCS for collection after the Debt was in an alleged default status with the Creditor, meaning it was charged off with the Creditor as uncollectible.

19. In March 2018, before the Creditor transferred the Debt to NCS, the Creditor confirmed Plaintiff's request to terminate his lease before the end of the initial term (June 30, 2018).

20. Plaintiff gave proper notice of his intent to terminate his lease.

21. Plaintiff provided a forwarding address and email address for the Creditor to return his security deposit and provide an itemized written accounting of the disposition of his security deposit.

22. Plaintiff never received his security deposit and/or an itemized written accounting of the disposition of his security deposit as required under Nevada Revised Statute ("NRS") 118A.242(4).

23. On or about March 2020, Plaintiff obtained a copy of his Equifax, Experian, and Trans Union credit reports and became aware that Defendant was reporting and seeking to collect the alleged balance of $4,017 under Account No. 379748X.

24. On October 26, 2020, Plaintiff served a debt verification demand letter to the Creditor.

25. In January 2021, Plaintiff disputed the NCS reporting with the national credit bureaus.

26. Defendant failed to provide Plaintiff with a validation of the debt or proof of the disposition of his security deposit under NRS 118.242(4).

27. On March 12, 2021, Plaintiff's counsel of record sent NCS a letter of representation, demanding NCS release the Debt and permanently delete the associated credit reporting because it cannot validate the Debt.

28. On April 6, 2021, NCS provided an alleged "Deposit Disposition," showing non-contractual fees and charges.

29. The "Deposit Disposition" includes an "Insufficient Notice Fee" totaling $1,562. No provision in the Plaintiff's prior lease permits such a charge.

30. Moreover, NCS failed to show proof that the "Deposit Disposition" regarding his security deposit was served to Plaintiff as required under NRS 118.242(4).

31. On June 14, 2021, Plaintiff's counsel of record sent NCS another letter advising of the non-contractual charges and demanding NCS release the Debt and permanently delete the associated credit reporting because it cannot validate the Debt and the Debt is not owed.

32. NCS failed to respond to the multiple written disputes and follow-up attempts.

33. NCS continues to report and attempt to collect the Debt that includes non-contractual and invalid fees and charges.

34. NCS knew, or should have known, that the disputed Debt was not accurate or valid.

**FIRST CLAIM FOR RELIEF**

**[Violations of the FDCPA; 15 U.S.C. § 1692, et seq.]**

35. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

36. NCS violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of the Debt by seeking to collect a Debt that is invalid and includes non-contractual fees and charges.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

37. NCS violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the Debt when it artificially inflated the Debt by attempting to collect non-contractual fees and charges.

38. NCS violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount, and legal status of the Debt when it sought to collect an invalid Debt against Plaintiff.

39. NCS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, artificially inflating the balance of the Debt it sought to collect from Plaintiff.

40. NCS violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect the Debt, including without limitation, using their position of power over Plaintiff to attempt to force him to pay for the Debt when it should have known Plaintiff does not owe it.

41. NCS violated 15 U.S.C. § 1692f(1) by seeking to collect interest, fees, charges, and expenses not expressly authorized by the agreement creating the Debt or permitted by law by seeking to collect an "insufficient notice fee," which is not permitted under the lease agreement or the law.

42. NCS's acts and omissions were willful, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

43. In the alternative, NCS was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1692k(a)(1).

44. As a direct and proximate result of the above-referenced violations by NCS, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

45. Plaintiff suffered actual harm as a direct and proximate result of NCS's actions through the embarrassment, intrusion, invasion of privacy, and wasted time associated with NCS's collection tactics referenced in this Complaint.

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

Law Office of Kevin L. Hernandez
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
TEL: (702) 563-4450 FAX: (702) 552-0408

46. Plaintiff suffered further concrete harm through certified mailing and service costs to both NCS and Crystal Creek Apartments in his attempts to have them cease contact and release the Debt he does not owe.

47. Plaintiff suffers from emotional distress, mental anguish, and ongoing embarrassment as a direct and proximate result of NCS's actions referenced in this Complaint.

48. Plaintiff suffered multiple residential lease denials due to NCS's collection violations referenced in this Complaint. As a result, Plaintiff was forced to find a roommate to obtain housing.

49. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

50. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

51. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: July 16, 2021

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***